UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LUCY J. DOOLEY                                                                         PLAINTIFF

v.                                        No. 2:20-cv-2086

DILLARD'S, INC.                                                                        DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant Dillard's, Inc.'s ("Dillard's") motion (Doc. 6) to compel arbitration and brief (Doc. 7) in support.  Plaintiff Lucy J. Dooley ("Dooley") filed a response (Doc. 9) opposing the motion and Dillard's filed a reply (Doc. 13) with leave of Court.  The motion will be GRANTED.

On or around November 18, 1997, Dillard's hired Dooley as a sales associate and it appears Dooley held this position until her termination on July 15, 2019.   Dooley alleges Dillard's discriminated against her on the basis of her age and race.   At the time of her termination, Dooley, a Caucasian, was 61 years old.   She alleges her supervisor generally treated younger, non-Caucasian employees differently than older, Caucasian employees like her, and no legitimate business-related reason existed for the disparate treatment.   Specifically, Dooley claims Dillard's transferred her sales to younger associates, reduced her work hours while increasing the hours for employees of a difference race, moved Dooley to a less productive area of the store, and placed younger employees of a different race in a more productive area of the store where she previously worked.

During her employment, Dooley signed four separate arbitration agreements.   Dooley's

1

most recent arbitration agreement was signed on April 12, 2016 (the "Agreement").[1]  Under the Agreement, claims for discrimination must be submitted to binding arbitration.  (Doc. 6-1, p. 2).  On February 4, 2020, Dooley initiated this action against Dillard's in Sebastian County Circuit Court alleging Dillard's unlawfully discriminated against her on the basis of her age and race.  Dillard's removed case to this Court on May 18, 2020, on the basis of original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Dooley asserts alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.  Dillard's filed this motion to compel arbitration and argues Dooley's claims for discrimination must be submitted to arbitration in accordance with the Agreement.  Dooley argues the Agreement is unenforceable because it is unconscionable and is the result of coercion.

Dillard's motion to compel arbitration is reviewed under the summary judgment standard. *See Neb. Mach. Co. v. Cargotec Sols.*, 762 F.3d 737, 741-42 (8th Cir. 2014).  The Court views the evidence and resolves all factual disputes in the nonmoving party's favor.  *Id.*  In determining whether Dooley's claims fall within the terms of the arbitration provision, the Court should not rule on the potential merits of the underlying claims.  *AT&T Techs. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986).  The Court should determine first whether there is a valid arbitration agreement and only then decide whether the claims fall within the scope of the arbitration provision.  *Robinson v. EOR-ARK LLC*, 841 F.3d 781, 783-84 (8th Cir. 2016).  If both questions are answered in the affirmative, arbitration must be compelled.  Whether an arbitration agreement is valid and enforceable is governed by state contract law.  *Donaldson Co., Inc. v. Burroughs*

_____

[1] Dooley previously signed three other arbitration agreements on July 7, 2011, November 11, 2005, and August 8, 2004.

*Diesel, Inc.*, 581 F.3d 726, 731-32 (8th Cir. 2009) (explaining that "state contract law governs the threshold question of whether an enforceable arbitration agreement exists between litigants").

Arkansas law applies the same rules of construction and interpretation to arbitration agreements as apply to contracts generally, and "effect will be given to the intent of the parties as evidenced by the arbitration agreement itself." *Hughes v. Wet Seal Retail, Inc.*, No. 10-cv-05090, 2010 WL 4750216, at *2 (W.D. Ark. Nov. 16, 2010) (citation and quotations omitted).  The essential elements for an enforceable arbitration agreement are: (1) competent parties; (2) subject matter; (3) legal consideration; (4) mutual agreement; and (5) mutual obligations. *GGNSC Holdings, LLC v. Lamb By & Through Williams*, 487 S.W.3d 348, 353 (Ark. 2016).  However, even if a contract to arbitrate exists and the dispute falls within the scope of that agreement, the Court may still declare the agreement unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract."  *BHC Pinnacle Pointe Hosp., LLC v. Nelson*, 594 S.W.3d 62, 71 (Ark. 2020) (quoting *BDO Seidman, LLP v. SSW Holding Co., Inc.*, 386 S.W.3d 361, 370 (Ark. 2012)).  It follows then that agreements to arbitrate may "be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *BDO Seidman*, 386 S.W.3d at 370 (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) (internal quotations omitted)).

Here, neither party challenges the scope of the Agreement.  Rather, Dooley claims the Agreement is unenforceable based on duress and unconscionability.  "A contract made by a party under compulsion is void because consent is of the essence of a contract, and where there is compulsion, there is no consent." *Duncan v. Hensley*, 455 S.W.2d 113, 116 (Ark. 1970) (quoting *Burr v. Burton*, 18 Ark. 214, 233 (1856) (internal alterations omitted)).  "In order to establish duress that will justify voiding a contract, a party must show that [she] involuntarily accepted the

terms of the opposing party, that the circumstances permitted no other alternative, and that the circumstances resulted from coercive acts by the opposing party." *Cox v. McLaughlin*, 867 S.W.2d 460, 463 (Ark. 1993) (citing *W.R. Grimshaw Co. v. Nevil C. Withrow Co.*, 248 F.2d 896 (8th Cir. 1957)).  Indeed, "one must prove that she was compelled, not merely persuaded, to do what she did." *McCracken v. McCracken*, 358 S.W.3d 474, 479 (Ark. 2009) (citing *Oberstein v. Oberstein*, 228 S.W.2d 615 (Ark. 1950)).  The party alleging duress must demonstrate "the duress resulted from the opposing party's wrongful and oppressive conduct, and not by [her] own necessity." *Id.* "In addition, [she] must show that the wrongful conduct deprived [her] of her own free will and violation." *Id.*

According to Dooley's testimony, on April 12, 2016, Dillard's presented her with the Agreement "as part of signing into work that day."  Dooley's shift began normally, and she used her unique identification number and password to access Dillard's computer system.  There is no dispute that before signing into Dillard's system, Dooley electronically signed the Agreement. Dooley instead alleges the circumstances surrounding the presentation of the Agreement compelled her to sign it.  She claims she unsuccessfully attempted to bypass the arbitration agreement, but the computer would not let her log in without accepting the Agreement.  According to Dooley, because her employment was conditioned on her acceptance of the Agreement, she had no choice but to sign the contract.  Employers regularly require employees to agree to an arbitration agreement as a condition of that employee's employment.  *See e.g.*, *Barnard v. Townsquare Media, LLC*, No. 12-cv-4110, 2013 U.S. LEXIS 58728, at *6 n.1 (W.D. Ark. April 24, 2013); *Gobeyn v. Travelers Indem. Co.*, No. 1:09-cv-00034, 2009 WL 3148755, at *3 (E.D. Ark. Sept. 24, 2009); *Shelton v. Ams. Car-Mart, Inc.*, No. 05-cv-1083, 2006 WL 8441050, at *3 (W.D. Ark. June 29, 2006).  Moreover, an employee's continued employment operates as both the consideration for

4

and acceptance of the agreement.  *See Barnard*, 2013 U.S. LEXIS 58728, at *6; *McClendon v. Sherwin Williams, Inc.*, 70 F.Supp.2d 940, 943 (E.D. Ark. 1999).  To say Dooley signed the agreement under duress simply because refusing to do so would result in her separation from the company is not a correct statement of Arkansas law.  Dooley was free to leave her job at any time after Dillard's presented the Agreement.  She made a conscious decision to stay and therefore assented to the Agreement's terms.

Dooley's allegation that she felt compelled to sign the agreement is further contradicted by her conduct before and after April 12, 2016.  For example, prior to signing the most recent Agreement on April 12, Dooley signed three other arbitration agreements in 2004, 2005, and 2011.  She makes no mention of these other agreements in her response.  Although Dooley alleges her assent to the Agreement was involuntary, the instant response appears to be the first time she voiced any objection to the Agreement or the manner in which the Agreement was presented to her on April 12.  Though Dillard's is a large retail store with significant resources, the scale of its operations alone does not create a situation where the contracts with its employees (or smaller manufacturers, etc.) are invalid.  Under these circumstances, there is no genuine dispute of fact and the Court cannot invalidate an otherwise valid contract on the basis of duress.

Dooley also argues the Agreement is unconscionable due to the parties' unequal bargaining power.  "The 'doctrine of unconscionability has both procedural and substantive elements. Procedural unconscionability deals with the manner in which a contract was entered into; substantive unconscionability, on the other hand, looks to the terms of the contract and whether they are harsh, one-sided, or oppressive.'"  *Jarrett v. Panasonic Corp.*, 8 F.Supp.3d 1074, 1082 (8th Cir. 2013) (quoting *Hughes*, 2010 WL 4750216, at *2).  For an agreement to be unenforceable as unconscionable, a party "must prove *both* procedural and substantive unconscionability."  *Id.*

(emphasis added); *see also Gobeyn*, 2009 WL 3148755, at *3 (refusing to consider plaintiff's argument that arbitration agreement was unconscionable because plaintiff failed to allege agreement was procedurally unconscionable).   Dooley's unconscionability argument discusses only the manner in which the contact was entered, an argument of procedural unconscionability. Because she makes no mention that the terms of the Agreement are somehow harsh or oppressive as to her, the Court cannot find the Agreement is unconscionable.  *See Jarrett*, 8 F.Supp.3d at 1082.   However, even assuming Dooley need not show both substantive and procedural unconscionability, she fails to meet her burden of demonstrating the Agreement is procedurally unconscionable.

IT IS THEREFORE ORDERED that Dillard's motion (Doc. 6) to compel arbitration is GRANTED.  The parties are ORDERED to submit this dispute to arbitration consistent with the terms of their arbitration agreement.   Dooley's complaint is DISMISSED WITHOUT PREJUDICE.  Judgment will be entered accordingly.

IT IS SO ORDERED this 1st day of July, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE